UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 22-0001 (BAH) |

## ANSWER

Defendant, the National Highway Traffic Safety Administration ("NHTSA"), by and through undersigned counsel, hereby answers the Complaint (ECF No. 1) ("Complaint") filed by Plaintiff Energy Policy Advocates on January 1, 2022, in this Freedom of Information Act ("FOIA") action as follows, in correspondingly numbered paragraphs:

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

**COMPLAINT**[1]

1. This paragraph sets forth Plaintiff's characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff brings this action under FOIA to compel the production of documents that Plaintiff requested from Defendant but otherwise denies the allegations in Paragraph 1.

**PARTIES**

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant admits it is an operating administration of the Department of Transportation ("DOT"), which is an agency of the United States Government, and denies any characterization of NHTSA or DOT inconsistent therewith. The reminder of Paragraph 3 consists of legal conclusions, to which no response is required.

**JURSISDICTION AND VENUE**

4. In response to paragraph 4, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action subject to the terms and limitations of FOIA.

5. In response to Paragraph 5, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district for this action.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. Paragraph 6 contains Plaintiff's conclusions of law, to which no response is required. To the extent that this paragraph alleges that Defendant has violated FOIA, Defendant denies that allegation.

7. Paragraph 7 contains Plaintiff's conclusions of law, to which no response is required.

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. Defendant admits that Plaintiff submitted a FOIA request via email on March 17, 2021. The remaining allegations in Paragraph 8 contain Plaintiff's characterization of the FOIA request, to which no response is required. Defendant respectfully refers the Court to the FOIA request for its true and complete contents and denies all allegations inconsistent therewith.

9. Admit.

10. The first sentence of Paragraph 10 contains Plaintiff's characterization of the March 22, 2021, acknowledgement letter, to which no response is required. Defendant denies the remainder of the allegations set forth in Paragraph 10. Defendant further avers that on March 1, 2022, DOT provided Plaintiff with a response to Plaintiff's FOIA request. In addition, on April 7, 2021, Defendant attempted to provide Plaintiff with a status update on Plaintiff's request by sending Plaintiff an email to the email address included in Plaintiff's request, but Defendant received a notification that the email was not delivered. And on April 22, 2021, DOT sent Plaintiff an acknowledgement letter of Plaintiff's request after Defendant referred the request to DOT for processing.

11. Paragraph 11 contains Plaintiff's characterization of its March 17, 2021, FOIA request, to which no response is required. To the extent a response to Paragraph 11 is deemed required, Defendant respectfully refers the Court to Plaintiff's March 17, 2021, FOIA request for its true and complete contents, and denies any allegation inconsistent therewith.

12. Paragraph 12 contains Plaintiff's characterization of FOIA, to which no response is required. To the extent a response to Paragraph 12 is deemed required, Defendant respectfully refers the Court to the FOIA statute for its true and complete contents and denies any allegation inconsistent therewith.

13. The first sentence of Paragraph 13 contains Plaintiff's characterization of FOIA, to which no response is required. The second sentence of Paragraph 13 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response to Paragraph 13 is deemed required, Defendant respectfully refers the Court to the FOIA statute for its true and complete contents and denies any allegation inconsistent therewith.

14. Deny. Defendant further avers that on March 1, 2022, DOT provided Plaintiff with a response to Plaintiff's FOIA request. In addition, on April 7, 2021, Defendant attempted to provide Plaintiff with a status update on Plaintiff's request by sending Plaintiff an email to the email address included in Plaintiff's request, but Defendant received a notification that the email was not delivered. And on April 22, 2021, DOT sent Plaintiff an acknowledgement letter of Plaintiff's request after Defendant referred the request to DOT for processing.

15. Deny.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

16. Defendant incorporates its responses to paragraphs 1-15 above as if set forth fully herein.

17. Paragraph 17 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

18. Paragraph 18 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

19. Paragraph 19 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

20. Paragraph 20 and its subparts contain Plaintiff's claim for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever in this action.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

21. Defendant incorporates its responses to paragraphs 1-20 above as if set forth fully herein.

22. Paragraph 22 contains Plaintiff's claim for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever in this action.

23. Paragraph 23 contains Plaintiff's claim for relief, to which no response is required. To the extent response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever in this action.

24. Paragraph 24 contains Plaintiff's claim for relief, to which no response is required. To the extent response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever in this action.

## THIRD CLAIM FOR RELIEF
### Costs and Fees- Injunctive Relief

25. Defendant incorporates its responses to paragraphs 1-24 above as if set forth fully herein.

26. Paragraph 26 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute for its true and best content and denies any allegation inconsistent therewith.

27.     Paragraph 27 contains Plaintiff's claim for relief, to which no response is required. To the extent response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever in this action.

## REQUESTED RELIEF

This portion of the Complaint, including sub-parts (1) through (6), sets forth Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1.     The Complaint fails to state a valid claim upon which relief may be granted.

2.     Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3.     Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA.

4.     Plaintiff is not entitled to attorneys' fees and costs.

5.     This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

6.     Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: March 18, 2022
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:        /s/ *Patricia K. McBride*
      PATRICIA K. MCBRIDE
      Assistant United States Attorney
      555 Fourth Street, NW
      Washington, DC 20530
      202-252-7123

*Attorneys for the United States of America*